IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

CHARLES GORDON LONG,

        Petitioner,

vs.                                  **Case No. 10-3240-RDR**

CLAUDE CHESTER, Warden,

        Respondent.

## MEMORANDUM AND ORDER

Petitioner is a federal prisoner who was sentenced for the crime of bank robbery in the District of Minnesota. This case is before the court upon petitioner's action for relief under 28 U.S.C. § 2241. After careful consideration of the materials before the court, the court shall deny relief to petitioner.[1]

### Background

Petitioner is currently serving a 71-month sentence. As part of his sentence and pursuant to the Mandatory Victims Restitution Act (MVRA), defendant was ordered to pay restitution in the amount of $15,891.00. During the sentencing hearing, the court stated that restitution payments were "to be made to the Clerk of Court for distribution to the victims as listed in the presentence survey." Doc. No. 1, Ex. 1 at p. 16 of sentencing transcript. The

---

[1] Petitioner's reply to respondent's answer and return asks the court to strike portions of the answer and return largely on relevance grounds. The court shall deny that request.

judgment and commitment order states:

> [P]ayment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court.

According to 18 U.S.C. § 3664(f)(1)(B)(2): "Upon determination of the amount of restitution owed to each victim, the <u>court</u> shall, pursuant to section 3572 <u>specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid</u> . . ." (emphasis added).[2]  In <u>U.S. v. Overholt</u>, 307 F.3d 1231, 1255-56 (10th Cir. 2002), the Tenth Circuit held that under this statutory language sentencing courts were prohibited from delegating the preparation or modification of the payment schedule to the Bureau of Prisons or the probation office.

The Inmate Financial Responsibility Program (IFRP) is a Bureau of Prisons (BOP) program found at 28 C.F.R. §§ 545.10 and 545.11. It "encourages each sentenced inmate to meet his or her legitimate financial obligations." § 545.10. An IFRP plan will typically require inmates to meet their financial obligations in the following order: (i) special assessments imposed under 18 U.S.C. § 3013; (ii) court-ordered restitution; (iii) fines and court costs; (iv) state or local court obligations; and (v) other federal

---

[2] Federal law further requires that a person sentenced to pay restitution "shall make such payment immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments." 18 U.S.C. § 3572(d)(1).

government obligations.  § 545.11(a).  Ordinarily, the minimum payment required under a plan is $25 per quarter, with higher amounts payable by inmates classified in higher-earning prison work programs.  § 545.11(b).  Participation in the IFRP is voluntary, but "at subsequent program reviews, staff shall consider the inmate's efforts to fulfill those obligations as indicative of that individual's acceptance and demonstrated level of responsibility." § 545.10.  Refusal of an inmate to participate will also result in an inmate losing certain privileges, including furloughs, access to certain work assignments, higher commissary spending limits, and other privileges.  § 545.11(d).

<u>Petitioner's arguments and requested relief</u>

Petitioner argues that the BOP does not have the authority, absent explicit direction from the sentencing court, to collect restitution ordered under the MVRA.  Therefore, he contends that he should not lose privileges for failing to participate in the IFRP. Specifically, petitioner contends:

> BOP's implementation of IFRP absent explicit judicial authorization purporting an authority to set amount and frequency of MVRA restitution payments is a patent violation of separation of powers as already determined in every circuit to have considered the question.

Doc. No. 1 at p. 6.  In bringing this contention, petitioner attempts to clarify that he is not challenging the legality of sentence imposed by the court (Doc. No. 1 at p. 8), and he is not

challenging the constitutionality of IFRP.[3]  Petitioner states that any constitutional entitlement to privileges and benefits being withheld from petitioner under the terms of IFRP is "absolutely irrelevant."  Doc. No. 1 at p.6.  However, petitioner states in the same sentence that such deprivation "is a direct [violation] of the Doctrine of Unconstitutional Conditions as the BOP has no authority to set payment amounts or schedules of repayment . . ."  Id.

According to petitioner, this case is not properly considered as an action under 28 U.S.C. § 2255 because he is not claiming that his sentence is improper.  Rather, petitioner claims this is an action under 28 U.S.C. § 2241 which asks the court to decide whether a "silent record" permits the "BOP to collect MVRA restitution using IFRP."  Doc. No. 13 at p. 8.  Petitioner argues that the operation of the IFRP against him on this record is a violation of the Doctrine of Unconstitutional Conditions and of the Doctrine of Separation of Powers.  For relief, petitioner requests that respondent be ordered to list petitioner as "IFRP-exempt", that all efforts under IFRP to collect his MVRA restitution obligations cease and desist, and that privileges and benefits lost by virtue of his "IFRP-refusal" status be restored.  Doc. No. 1 at p. 16.

---

[3] Indeed, petitioner asks the court to strike that part of the respondent's answer and return which supports the constitutionality of the IFRP on the grounds that petitioner does not claim otherwise.  Doc. No. 13 at p. 9.

Analysis

The court believes a "silent record" does permit the BOP to collect MVRA restitution using IFRP. We reach this decision and reject petitioner's arguments for relief for the following reasons.

First, the BOP has the independent authority to operate the IFRP program. This seems undisputed by the parties. Thus, the program may be applied to petitioner with or without an express or silent mandate from the sentencing court. The BOP's authority was acknowledged by the Second Circuit which stated that the BOP could require inmates to participate in the IFRP because the program "serves a valid penological objective of rehabilitation by facilitating repayment of debts." Johnpoll v. Thornburgh, 898 F.2d 849, 850 (2d Cir.) (per curiam) cert. denied, 498 U.S. 819 (1990). See also, U.S. v. Lemoine, 546 F.3d 1042, 1050 (9th Cir. 2008) (referring to IFRP as an independent program). Because the BOP has the independent authority to operate the IFRP, petitioner cannot establish that its operation against him is due to the BOP's interpretation or misinterpretation of the sentencing court's order and, even if it was, that the elimination of a perceived judicial mandate would make any difference in his situation since the independent authority to apply IFRP would remain.

We acknowledge that the Tenth Circuit has stated that "it seems problematic to conclude that the BOP may assume for itself a responsibility that the district court is not permitted to delegate

5

to it." Bradshaw v. Lappin, 320 Fed. Appx. 846, 849 (10th Cir. 2009). In contrast, the Ninth Circuit has commented that IFRP operated independently by the BOP serves a practical purpose:

> Permitting the BOP independently to develop voluntary financial plans through the IFRP not only assists the BOP to meet its rehabilitative goals for prisoners, it also ameliorates the practical difficulties engendered by requiring sentencing courts to set a restitution repayment schedule without knowledge of whether a defendant will be employed in prison or the amount he will receive in wages or outside assistance. The IFRP allows the BOP to respond immediately to an inmate's changing financial circumstances and saves scarce judicial resources from being consumed by frequent motions to alter judgments.

Lemoine, 546 F.3d at 1050. As explained further below, the court does not believe any problems created by the operation of IFRP present grounds for relief to petitioner under § 2241.

The second reason to deny relief in this case is that the case authority relied upon by petitioner is not persuasive to the court. Petitioner frequently cites cases which hold that courts may not delegate judicial authority to prepare or modify a schedule to make restitution payments. Unlike most of those cases, this is not a challenge to petitioner's sentence via a direct appeal or a § 2255 action. If petitioner is arguing that the sentencing court issued an improper sentence (and petitioner claims that he is not), then his claim should not be brought under § 2241. Wallette v. Wilner, 321 Fed.Appx. 735, 738 (10th Cir. 4/7/2009); Davis v. Wiley, 260 Fed. Appx. 66, 68 (10th Cir. 1/1/2008); Durham v. Hood, 140 Fed.Appx. 783, 784 (10th Cir. 7/21/2005). In addition, most of the

cases petitioner relies upon do not involve a "silent" record from which delegation is implied.  For instance, in Overholt, where the Tenth Circuit held that a sentencing court may not delegate its responsibility under § 3664(f)(2) to impose a restitution payment schedule to the executive branch, there was no "silent record."  The sentencing court ordered that "any amount [of restitution] not paid immediately shall be paid while in custody through the Bureau of Prisons' Inmate Financial Responsibility Program."  307 F.3d at 1255.  Here, there was no such express delegation of the sentencing court's responsibilities under § 3664(f)(2).  The sentencing court's oral statements did not mention the IFRP, and the judgment and commitment order did not direct petitioner to participate in the IFRP.  We acknowledge that the judgment and commitment order mentions the IFRP.  But, it does not expressly direct that the BOP, through the IFRP, determine the schedule of MVRA payments.

Courts have held that sentencing orders directing restitution or fines which are "due immediately" do not impermissibly delegate the courts' authority to decide the schedule and manner of payments.  See U.S. v. Sawyer, 521 F.3d 792, 794-96 (7th Cir. 2008) cert. denied, 129 S.Ct. 897 (2009)(judgment which only states that payments "may" be paid from prison earnings under IFRP does not delegate authority to BOP); see also Matheny v. Morrison, 307 F.3d 709, 711-12 (8th Cir. 2002); Montano-Figueroa v. Crabtree, 162 F.3d 548, 550 (9th Cir. 1998) cert. denied, 526 U.S. 1091 (1999); Ward

7

v. Chavez, 2009 WL 2753024 at *6 (D.Ariz. 8/27/2009); U.S. v. Young, 533 F.Supp.2d 1086, 1087-88 (D.Nev. 2007); but see U.S. v. Davis, 306 F.3d 398, 425-26 (6th Cir. 2002) cert. denied, 537 U.S. 1208 (2003); U.S. v. Coates, 178 F.3d 681, 683 (3rd Cir. 1999).

Thirdly, the court denies relief to petitioner because the IFRP does not violate the Doctrine of Unconstitutional Conditions. This doctrine holds that the government may not deny a benefit to a person on a basis that infringes his constitutional rights. See Board of County Comm'rs v. Umbehr, 518 U.S. 668, 674 (1996) (internal citations and quotations omitted); see also Andersen v. McCotter, 100 F.3d 723, 727 (10th Cir. 1996) (explaining the unconstitutional conditions doctrine and noting that "the Court has recognized a variety of benefits which cannot be denied solely because of the exercise of constitutional rights"). Petitioner has not identified a constitutional right which he has been required to give up in order to receive unrelated benefits or privileges during his confinement. A prisoner has no preexisting right to receive any of the benefits conditioned on his participation in IFRP during his incarceration, and the consequences the BOP imposes on inmates who refuse to participate in the IFRP are reasonably related to the legitimate penological interest in rehabilitation. Lemoine, 546 F.3d at 1046.

Finally, petitioner cannot prove a violation of the Doctrine of Separation of Powers. In the Durham case cited previously, the

Tenth Circuit rejected a separation of powers argument in this context. 140 Fed.Appx. at 785. We see no reason that holding should be avoided here because the IFRP does not contradict or interfere with a Congressional or judicial act.

In Mistretta v. U.S., 488 U.S. 361, 381 (1989), the Court stated that courts should adopt a "flexible understanding of separation of powers" and that in cases with separation of powers issues involving the Judicial Branch:

> we have expressed our vigilance against two dangers: first, that the Judicial Branch neither be assigned nor allowed "tasks that are more properly accomplished by [other] branches," Morrison v. Olson, 487 U.S., at 680-681, 108 S.Ct., at 2613, and, second, that no provision of law "impermissibly threatens the institutional integrity of the Judicial Branch." Commodity Futures Trading Comm'n v. Schor, 478 U.S., at 851, 106 S.Ct., at 3258.

Id. at 383. Here, petitioner must be arguing the second "danger." However, the court is convinced that petitioner cannot demonstrate that his participation in IFRP on the basis of a "silent record" threatens the institutional integrity of the Judicial Branch.

The Supreme Court has stated that "the sentencing function long has been a peculiarly shared responsibility among the Branches of government and has never been thought of as the exclusive constitutional province of any one Branch." Mistretta, 488 U.S. at 390. Consistent with these thoughts, the United States Parole Commission has been held not to violate the separation of powers in spite of its direct authority over individual sentencing decisions.

9

See <u>U.S. v. Huerta</u>, 878 F.2d 89, 92 (2nd Cir. 1989) <u>cert. denied</u>, 493 U.S. 1046 (1990) (discussing and citing case authority including <u>Artez v. Mulcrone</u>, 673 F.2d 1169 (10th Cir. 1982)).  An executive branch program which encourages but does not require prisoners to pay their financial obligations, including court-imposed restitution, seems compatible with the concept of "shared responsibility" and unthreatening to the institutional integrity of the court system.  As the Ninth Circuit stated in <u>Lemoine</u>:

> While the MVRA forbids the wholesale delegation of scheduling responsibility to the BOP, nothing in the text of the statute or our prior decisions places any limits on the BOP's operation of an independent program, such as the IFRP, that encourages inmates voluntarily to make more generous restitution payments than mandated in their respective judgments.

<u>Id</u>. at 1048.

For these reasons, the court finds no violation of the separation of powers.

Conclusion

As explained above, the court shall dismiss petitioner's §2241 petition.

**IT IS SO ORDERED.**

Dated this 4th day of October, 2011 at Topeka, Kansas.

          s/Richard D. Rogers
          United States District Judge